IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF:<br>AMEL ODOM | MISCELLANEOUS NO. 16-213 |
| | Bankruptcy No. 15-19111 |
| AMEL ODOM,<br>              Plaintiff,<br><br>           v.<br><br>PHILADELPHIA PARKING AUTHORITY,<br>CLARENA TOLSON, Individually and in her Official Capacity as Executive Director to Philadelphia Parking Authority, and CITY OF PHILADELPHIA,<br>              Defendant. | Adversary No. 16-195 |

## O R D E R

**AND NOW**, this 27th day of January, 2017, upon consideration of Motion of Plaintiff, Amel Odom for Withdrawal of Reference of Adversary Proceeding No. 16-00195 (REF) (Doc. No. 1, filed Nov. 30, 2016), City of Philadelphia Response to Plaintiff's Motion for Withdrawal of Reference of Adversary Proceeding (Doc. No. 7, filed Jan. 3, 2017), Response of Philadelphia Parking Authority in Opposition to Motion to Withdraw the Reference (Doc. No. 9, filed Jan. 17, 2017), and Joinder and Response of Clarena Tolson in Opposition to Motion to Withdraw the Reference (Doc. No. 10, filed Jan. 17, 2017), **IT IS ORDERED** that Motion of Plaintiff, Amel Odom for Withdrawal of Reference of Adversary Proceeding No. 16-00195 (REF) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED**.

The decision of the Court is based on the following:

1.     On December 22, 2015, plaintiff/debtor Amel Odom commenced a voluntary proceeding under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the

1

Eastern District of Pennsylvania.  Complaint Seeking Contempt Remedies for Violation of the Automatic Stay, Adv. No. 16-00195 ELF, ¶ 1.  Defendant Philadelphia Parking Authority ("PPA") was named as one of plaintiff's creditors in the bankruptcy filing.  Compl. ¶ 3.  Accordingly, plaintiff argues that an automatic stay applied, barring any action by PPA to collect the debt plaintiff owed it.  Compl. ¶ 6.  On Friday, June 10, 2016, PPA impounded plaintiff's vehicle and thereafter refused to release it to plaintiff.  Compl. ¶¶ 7-10.  Plaintiff was informed by Philadelphia Traffic Court that he was required to pay $575.00 to recover his vehicle by Order dated April 14, 2016.  Compl. ¶ 11.  On June 16, 2016, plaintiff filed the Complaint Seeking Contempt Remedies for Violation of the Automatic Stay in the Bankruptcy Court as an adversary proceeding attached to his pending bankruptcy case.  Compl. ¶¶ 1, 15-18.  Since the filing of that Complaint, PPA filed an Answer on July 18, 2016, and an Amended Answer on September 2, 2016.  The parties have engaged in discovery and filed numerous Motions in the adversary proceeding.  On November 30, 2016, plaintiff filed the pending Motion for Withdrawal of Reference of Adversary Proceeding No. 16-00195 (REF), seeking to have that adversary proceeding withdrawn from the Bankruptcy Court and adjudicated in this Court.

   2. In the Motion, plaintiff argues that the lack of constitutional authority of the Bankruptcy Court to render a final judgment in an adversary proceeding involving violations of 42 U.S.C. § 1983 and his Seventh Amendment right to a jury trial with respect to the alleged violations of § 1983 supports withdrawal of the proceeding from the Bankruptcy Court.  However, plaintiff's Complaint in the adversary proceeding contains only two Counts: "Count I, Stay Violation," alleging that PPA's conduct violated 11 U.S.C. § 362(a), and "Count II, Attorney's Fees," seeking attorney's fees, in addition to compensatory and punitive damages, for violation of the automatic stay. Compl. ¶¶ 15-18.  The Complaint does not include a claim under 42 U.S.C. § 1983 or any other constitutional claim. [1]

---

[1] The Complaint attached to plaintiff's Motion is not the Complaint filed with the Bankruptcy Court. This Court will only consider the Complaint currently before the Bankruptcy Court.

3.      Withdrawal of an adversary proceeding from a bankruptcy court is mandatory "only if the court . . . can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a *de minimus* impact on interstate commerce." *In re Saint Mary Hosp.*, 115 B.R. 495, 497 (E.D. Pa. 1990). Even if the grounds for mandatory withdrawal are not present, a district court may, "on its own motion or on timely motion of any party, for cause shown" withdraw the action. 28 U.S.C. § 157(d). When evaluating whether "cause" exists for discretionary withdrawal, "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

4.      The Court concludes that withdrawal is not mandatory in this case, as the claims stated in plaintiff's Complaint before the Bankruptcy Court solely involve Title 11 Bankruptcy Code provisions. The Court further concludes that discretionary withdrawal is inappropriate. Plaintiff's Complaint alleges a violation of the automatic stay provision of the Bankruptcy Code. The Bankruptcy Court is well positioned to address plaintiff's claims because violations of the automatic stay are core matters. *See CoreStates Bank v. Huls*, 176 F.3d 187, 196 (3d Cir. 1999) (A proceeding is considered to be core if it "invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *see also Bonarrigo v. LexisNexis Risk Solutions FL, Inc.*, No. 1:13-cv-02705, 2014 WL 65290, at *3 (M.D. Pa. Jan. 8, 2014) ("Although the bankruptcy courts have jurisdiction over both core and non-core matters, the bankruptcy court may issue final orders and judgments only when adjudicating core matters.").

5.      Plaintiff elected to file this claim in Bankruptcy Court as an adversary proceeding. Since the filing of the Complaint, the Bankruptcy Court has overseen discovery in this case.

Additionally, a Motion for Partial Summary Judgment, filed by PPA, is currently pending before that court.

6. For all of the foregoing reasons, this Court concludes that withdrawal of the adversary proceeding from the Bankruptcy Court would not promote "uniformity in bankruptcy administration," foster "the economical use of the debtors' and creditors' resources," or expedite "the bankruptcy process." *See In re Pruitt*, 910 F.2d at 1168.

**BY THE COURT:**

*/s/ Hon. Jan E. DuBois*

**DuBOIS, JAN E., J.**